IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| 1704 FARMINGTON, LLC, ) | |
| 1711 FARMINGTON, LLC, and ) | |
| 1685 FARMINGTON, LLC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 08-2171-STA |
| ) | |
| CITY OF MEMPHIS, ) | |
| ) | |
| Defendant. ) | |

---

ORDER GRANTING DEFENDANT CITY OF MEMPHIS'
MOTION FOR RECONSIDERATION

---

Before the Court is Defendant City of Memphis' Motion for Reconsideration (D.E. # 35) filed on June 24, 2009. Plaintiffs have responded in opposition to Defendant's Motion. For the reasons set forth below, the Motion is **GRANTED**.

BACKGROUND

The Court entered its Order Denying Defendant's Motion to Amend its Complaint on June 23, 2009. Defendant sought leave to amend its answer to add an affirmative defense under the Tennessee Government Tort Liability Act ("GTLA"). In its Order, the Court analyzed Defendant's motion to amend under Fed. R. Civ. P. 16(b) rather than Rule 15(a) due to the fact that the deadline for amending pleadings had long passed in this case. Unlike Rule 15(a), Rule 16(b) requires that a party must first show good cause for seeking leave to amend outside of the

1

deadline set by scheduling order. The Court found that Defendant had offered no reason for the lateness of its motion to amend, let alone established good cause, and had not addressed the potential prejudice to Plaintiffs that a late amendment could create. As a result, the Court denied Defendant's motion to amend.

Defendant has filed the Motion now before the Court asking the Court to reconsider its Order pursuant to Rule 60(b)(6). First, Defendant contends that its GTLA-immunity defense is jurisdictional and cannot be waived by failure to plead it. Second, Defendant addresses Rule 16(b)'s good cause standard and argues that the scheduling order should be amended to permit Defendant to amend its answer to include the immunity defense. Defendant's GTLA defense could be dispositive of the case and would require no additional discovery. Defendant avers that its delay in seeking leave to amend was not made for any improper purpose. Defendant argues that it did not learn that this affirmative defense was available to it until the close of discovery. In their response to Defendant's original motion to amend, Plaintiffs admitted that they had notice of a potential immunity defense when they filed their Complaint. Defendant contends that Plaintiff's judicial estoppel and law of the case arguments are likewise unavailing. In short, Defendant asserts that Plaintiffs cannot demonstrate any prejudice that would result from allowing Defendant to amend its answer. Therefore, Defendant asks the Court to reconsider its Order and grant it leave to amend its answer outside of the deadline.

Plaintiffs have responded in opposition to Defendant's Motion and ask the Court to deny it. Plaintiffs argue that Rule 60(b)(6) offers relief only from a final judgment and so does not apply in this instance. Plaintiffs further contend that the Motion should be denied because it simply reargues the original issue addressed in the previous Order. With respect to Defendant's

argument that its immunity defense cannot be waived, Plaintiffs respond that if Defendant's defense is purely jurisdictional, then there is no need to amend its complaint. Plaintiffs dispute whether Defendant obtained new information in discovery that made the immunity defense viable. Plaintiffs also argue that they will suffer prejudice and will require additional fact discovery to respond to Defendant's newly asserted defense if the Court permits Defendant to amend its answer now.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not specifically recognize motions to reconsider. However, Rule 59(e) provides that parties can file a motion to alter or amend a judgment within ten days of entry of that judgment.[1] Motions under Rule 59(e) may be based upon one of the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice.[2] "'[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.'"[3]

---

[1] Fed. R. Civ. P. 59(e).

[2] *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

[3] *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd* 11 F.3d 1341 (6th Cir. 1993)). *Cf. Muhammad v. Orta*, 19 Fed. Appx. 370 (6th Cir. 2001) (affirming denial of Rule 60(b) motion where motion was "merely an attempt to relitigate"). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007); *Michael Linet, Inc., v. Village of Wellington*, 408 F.3d 757, 759 (11th Cir. 2005); *Templet v. Hydro-Chem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

Furthermore, Rule 59(e) motions should not be based on legal arguments that the movant simply failed to raise in the earlier motion.[4]

Likewise, Rule 54 grants the Court authority to reconsider an interlocutory order such as the Order at issue here. It is true that "district courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."[5] Similar to the standard for reconsideration under Rule 59(e), a court is vested with "significant discretion" to reconsider an interlocutory order when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.[6] The Sixth Circuit has found no error where a moving party cannot show that the evidence it sought to adduce in support of reconsideration under Rule 54(b) was

---

[4] *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007). *See Al-Sadoon v. FISI Madison Fin. Corp.*, 188 F. Supp. 2d 899, 903 (M.D. Tenn. 2002) (refusing to reconsider an order denying an employer's summary judgment motion where the motion to reconsider argued that the employee had failed to establish one element of a prima facie case, while the original summary judgment motion solely argued that he had failed to establish another); *see also Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.*, No. 2:04-cv-889, 2006 WL 3097189, at *2 (S.D. Ohio Oct. 30, 2006) ("[M]otions under Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (citations and internal quotation marks omitted).

[5] *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959-60, 2004 WL 237651, *8 (6th Cir.); *cert. denied*, 543 U.S. 875, 125 S.Ct. 152, 160 L.Ed.2d 125 (2004). The United States Supreme Court has further ruled that Rule 54(b) does not apply in cases presenting a single claim such as the one at bar. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743-44, 96 S.Ct. 1202, 1206 (1976) (Rule 54(b) "does not apply to a single claim action . . . . It is limited expressly to multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal") (citation omitted). In light of the fact that the grounds for reconsideration under Rule 59(e) and Rule 54(b) are nearly identical, this Court need not resolve this issue here.

[6] *Rodriguez*, at *8.

newly available or where the moving party's legal argument would not alter the Court's previous decision.[7]

## ANALYSIS

The Court finds that Defendant is entitled to the relief sought in the instant Motion, and so the Motion will be granted.  As an initial matter, the Court agrees with Plaintiffs that Rule 60(b)(6) is not the proper mechanism for reconsideration under the circumstances here.  In fact, the Court finds that reconsideration under Rules 54, 58(e), or 60(b)(6) is unnecessary.  Rather than seeking reconsideration of the Court's previous Order, it would have been proper for Defendant simply to file a renewed motion to amend arguing the correct law and making the necessary showing under Rule 16(b) and not Rule 15(a), which Defendant's instant Motion does.  Although Defendant has styled the instant Motion as a "Motion to Reconsider," the Court will consider it as a renewed motion to amend.

A pleading may be amended "only by leave of court . . . and leave shall be freely given when justice so requires."[8]  "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."[9]

---

[7] *Id*.

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

However, where the deadline for a party to amend its pleadings set by a Rule 16(b) scheduling order has passed, courts will consider the proposed amendment in light of Rule 16(b), not Rule 15(a).[10] "Once the Scheduling Order's deadline passes, a [party] first must show good cause under Rule 16(b) for failure to seek leave to amend before a court will consider whether the amendment is proper under Rule 15(a)."[11] Furthermore, the Sixth Circuit has held that in addition to the explicit good cause requirement of Rule 16(b), the potential prejudice to the nonmovant should also be considered by the court when deciding whether or not to amend a scheduling order.[12]

The Court finds that pursuant to Rule 16(b) Defendant has demonstrated good cause for allowing it to amend its answer outside of the deadline for amending pleadings. While the fact remains that Defendant seeks leave more than nine months after the deadline for amending pleadings had passed in this case, Defendant asserts that it had assumed that this immunity defense was not available and only through discovery did it learn that it might retain immunity. Had Defendant initially asserted this defense without reasonable grounds for doing so, Defendant would have been vulnerable to Plaintiffs' attacks on the defense. There existed, therefore, a sound basis for not seeking leave to amend before now. The Court finds that this fact satisfies Rule 16(b)'s good cause standard.

---

[10] *Leary v Daeschner,* 349 F.3d 888 (6th Cir. 2003); *Byrd v. Guess,* 137 F.3d 1126, 1131-32 (9th Cir. 1998).

[11] *Id.* at 909.

[12] *Id.*

As for potential prejudice to Plaintiffs, the Court finds that Plaintiffs will not be prejudiced or that the effects of any potential prejudice can be mitigated. The potential for prejudice in this situation is obvious. The parties have concluded fact discovery, the dispositive motions deadline has passed, and trial is set for August 17, 2009. However, it is not clear to the Court that additional discovery is now required to respond to the City's affirmative defense that it is immune from suit. Defendant contends that it was through discovery in this case that it has established that the drainage ditch at issue was not dangerous or defective and that the City did not construct the drainage ditch. Plaintiffs have not shown that they were denied the opportunity to discover the same facts or depose the same witnesses as Defendant. In the event that Plaintiffs require additional discovery to respond to the City's GTLA-immunity defense, a brief discovery period would cure any potential prejudice to Plaintiffs.[13] Therefore, the Court finds that prejudice to Plaintiffs does not weigh against amending the deadline and permitting Defendant to amend its answer.

Having concluded that Defendant has shown good cause for amending the scheduling order, the Court likewise finds that on balance, the factors to be considered favor granting Defendant leave to amend its answer. The first factor, delay in filing, does weight against leave in this case. Plaintiffs filed their Amended Complaint on September 9, 2008, and Defendant has never filed a responsive pleading. Rather the City sought leave to amend its original pleading on June 15, 2009. The Court concludes that this delay weighs against granting the City leave to

---

[13] *Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 430 n. 3 (6th Cir. 2006) ("prudence counsels in favor of a less harsh remedy [than denying leave to amend]: simply reopening discovery for a short period of time").

amend now. Second, it cannot be said that Plaintiffs suffer from a lack of notice concerning this affirmative defense. Any plaintiff alleging a tort claim against a municipality should be on notice of the possibility of immunity. This second factor then weighs in favor of granting leave to amend. There has been no showing of Defendant's bad faith in seeking leave to amend, and so this third factor favors Defendant. The fourth factor, repeated failure to cure deficiencies by previous amendments, does not apply here. The Court has already considered the fifth factor, that is, undue prejudice to the opposing party, and found that Plaintiffs will not be prejudiced. Finally, the Court holds that the proposed amendment would not be futile. Therefore, the Court concludes that Defendant should be allowed to amend its answer.

## CONCLUSION

Defendant having established good cause for not seeking leave to amend the scheduling order prior to the deadline for amending pleadings, the scheduling order in this case is hereby amended to permit Defendant's late-filed motion to amend its answer. Furthermore, the Court finds that under the circumstances Defendant should be granted leave to amend its answer. Defendants are ordered to file their amended answer within three (3) days of the entry of this Order. In recognition of the fact that Plaintiffs might desire additional discovery prior to responding to Defendant's pending motion for summary judgment, Plaintiffs are directed to file a motion for additional discovery detailing the specific discovery Plaintiffs need to respond. Otherwise Plaintiffs must respond to Defendant's motion for summary judgment within the time permitted under the Federal Rules, making a response due on or before July 18, 2009.

**IT IS SO ORDERED.**

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            UNITED STATES DISTRICT JUDGE

Date: July 10th , 2009.