IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| 1704 FARMINGTON, LLC,  )  <br>1711 FARMINGTON, LLC, and  )  <br>1685 FARMINGTON, LLC,  )  <br>  )  <br>            Plaintiffs,  )  <br>v.  )   No. 08-2171-STA-cgc  <br>  )  <br>CITY OF MEMPHIS,  )  <br>  )  <br>            Defendant.  )  | |

**ORDER AFFIRMING THE CLERK OF COURT'S BILL OF COSTS**

Before the Court is Plaintiffs' Appeal of the Clerk of Court's Bill of Costs (D.E. # 75) filed on February 25, 2010.  For the reasons set forth below, the Bill of Costs is **AFFIRMED**.

**BACKGROUND**

Plaintiffs brought this diversity action against Defendant alleging claims for nuisance under Tennessee law.  The Court granted Defendant's motion for summary judgment on October 26, 2009.  Defendant filed a bill of costs pursuant to Fed. R. Civ. P. 54(d) seeking reimbursement for expenses in the amount of $4,998.96.  The Clerk of Court conducted a hearing on January 14, 2010, at which counsel for Defendant appeared.  Plaintiff failed to appear.  After considering Plaintiff's objections to the costs, the Clerk of Court issued an order awarding Defendant $4,998.96 on February 16, 2010.  That order included instructions to Plaintiffs that they had five (5) days in which to file any objections to the order taxing costs pursuant to Fed. R. Civ. P. 54(d).

1

On February 23, 2010, Plaintiffs filed a timely appeal (D.E. # 75) of the Clerk's order. Plaintiffs argue that "whether Movants are required to pay the taxed costs is a decision only the Court can make." Plaintiffs further contend that costs can be awarded only to the prevailing party. Because Plaintiffs have appealed the Court's grant of summary judgment to Defendant, the prevailing party has not been finally determined. Plaintiffs argue that the Court could stay further consideration of costs until the appeal is complete. Finally, Plaintiffs incorporate their objections to costs filed with the Clerk.

Defendants have responded in opposition and argue that Rule 54(d), 28 U.S.C. § 1920, and the Local Rules of Court clearly authorize the Clerk of Court to award costs. Defendant goes on to argue that the Court may award costs even while the substantive appeal is pending.

## **STANDARD OF REVIEW**

Fed. R. Civ. P. 54(d)(1) provides that [u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[1] Rule 54 further permits the party against whom costs are taxed to file objections to the Clerk of Court's order within five (5) days. Title 28 U.S.C. § 1920 specifies the costs that a prevailing party may recover including

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the
> stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily
> obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of
> interpreters, and salaries, fees, expenses, and costs of special

---

[1] Fed. R. Civ. P. 54(d)(1).

interpretation services under section 1828 of this title.

Under Rule 54(d), after the clerk fixes the costs, a motion may be made for judicial review of the clerk's decision.[2] "The function of the court in the process of taxing costs is merely to review the determination of the clerk."[3] The party opposing the clerk's award of costs has the burden of persuading the court that it was improper.[4] Although there is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d), the Court may deny an award of costs in its discretion.[5] Factors that may be sufficient to deny a cost award include the losing party's good faith in litigating the suit, the difficulty of the case, the winning party's behavior, the reasonableness of the costs, and whether the losing party is indigent.[6] A losing party's indigent status alone does not preclude a court from taxing costs against that party.[7] Likewise, the ability of the prevailing party to pay his own costs is irrelevant in the court's determination of whether to award costs.[8]

## ANALYSIS

---

[2] Fed. R. Civ. P. 54(d)(1).

[3] *BDT Prods. v. Lexmark Int'l*, 405 F.3d 415, 417 (6th Cir. 2005) (quoting 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil 3d* § 2679 (1998)).

[4] *Weaver v. Toombs*, 948 F.2d 1004, 1014 (6th Cir. 1991); *see also* 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil 3d* § 2679 (1998).

[5] *Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 841 (W.D. Tenn. 2004).

[6] *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 739 (6th Cir. 1986).

[7] *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

[8] *Singleton v. Smith*, 2441 F.3d 534 (6th Cir. 2001).

As an initial matter, Plaintiffs' argument concerning their pending appeal is without merit. Plaintiffs have cited no authority for the proposition that a district court should stay bills of costs pending the resolution of a case on appeal.[9] Although the Sixth Circuit has not directly addressed this issue, other courts have held that a district court may award costs even while an appeal is pending.[10] The Court finds that it is more efficient to rule on costs now rather than delay the decision until the appeal is resolved. An order for costs constitutes a final appealable order from which a new appeal would have to be taken.[11] If the Court stayed consideration of costs while Plaintiffs' appeal proceeded, a second appeal of an award of costs might follow and consume additional time and resources. A ruling on costs now avoids this result by permitting Plaintiffs' to take an appeal of costs and then consolidating the appeal of costs with their appeal of the judgment.[12] Therefore, the Court denies Plaintiffs' request to stay consideration of costs pending appeal.

As for the merits of Plaintiffs' objections, the Court finds no error in the Clerk's award of costs to Defendant in the amount of $4,998.96. Plaintiffs' brief before the Clerk objected to two categories of expenses in particular, fees for court reporters and fees for copies. Plaintiff argued that it was not clear from the affidavit of counsel for Defendant whether the expenses were actually necessary. According to Defendant's affidavit of costs, $3,611.15 of the total costs

---

[9] *But see* Fed. R. Civ. P. 62. Plaintiffs have not sought any relief under this Rule.

[10] *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994).

[11] *Jackson-El v. Van Ochten*, 927 F.2d 604 (6th Cir. 1991).

[12] *See e.g. Medical Mut. of Ohio v. deSoto*, 345 F.3d 561 (6th Cir. 2001); *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000); *Williams v. McGinnis*, 57 F. App'x 662, 663 (6th Cir. 2009).

resulted from eight (8) depositions taken in this matter.  Defendant cited testimony from seven of the eight depositions in its summary judgment briefing.  The only deponent whose testimony was not cited was Tom Dorsey, the engineer who completed a survey of the property at issue.[13]  Overall the Court finds that the costs are reasonable and that Plaintiffs have failed to carry their burden to show that the costs are improper.  Therefore, the Clerk's Order Taxing Costs is **AFFIRMED**.

       **IT IS SO ORDERED.**

                                    s/ S. Thomas Anderson
                                    S. THOMAS ANDERSON
                                    UNITED STATES DISTRICT JUDGE

                                    Date: March 9th, 2010.

---

[13] Dorsey also charged $333.00 for his testimony and the three drawings depicting elevations and locations on the property.  Hancock Decl. 15, docket entry 67-2.  It also appears that Dorsey's work was relied on by Defendant's expert George Cox to provide his opinion about the cause of the flooding on Plaintiffs' property.  *See* Def.'s Statement of Facts, Memo. Mot. Summ. J. 5-6, docket entry 30-1.